# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| VIRGINIA K. PRICE,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | 2:18-cv-02201-APG-VCF<br><br>**REPORT AND RECOMMENDATION** |

   This matter involves Plaintiff Virginia K. Price's appeal from the Commissioner's final decision denying her social security benefits.  Before the Court is Price's Motion for Reversal or Remand (ECF No. 20) and the Commissioner of Social Security's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Reversal (ECF No. 21). For the reasons stated below the Court recommends granting Price's motion to reverse or remand and denying the Commissioner's motion to affirm.

## STANDARD OF REVIEW

   The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

**DISCUSSION**

**I.      Factual Background**

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. On March 18, 2015, Price applied for disability and disability insurance benefits pursuant to Title II of the Social Security Act. The ALJ determined that Price suffered from a severe combination of impairments including schizophrenia and depressive disorder. (AR 18[1]). The ALJ examined relevant medical evidence including opinions of state agency physicians and of Lisa M. Foerster, Psy. D. The ALJ found that Price is unable to perform any past relevant work; however, in considering Price's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)). (AR 26).

---

[1] AR signifies a citation to the administrative record.

Price disagrees with the ALJ's determination that she is not disabled because the ALJ committed reversible error by failing to properly consider the examining psychologist's opinion. (ECF No. 20 at p. 7).

## II.     Whether the Commissioner Failed to Properly Consider the Examining Psychologist's Opinion

Price states that the ALJ did not properly considered the restrictions assessed by Dr. Foerster. Price states that the ALJ failed to acknowledge Dr. Foerster's opinion that Price does not have the ability to interact appropriately with coworkers or the general public on a regular basis. (ECF No. 20). Prices states that the ALJ's findings (1) were ambiguous, (2) failed to acknowledge Dr. Foerster's opinion about Price's complete inability to interact appropriately with coworkers and the general public, (3) and resulted in a less restrictive residual functional capacity. *Id.* Price contends that the ALJ's error was harmful when considering the ALJ's examination of the vocational expert's testimony at the hearing. Price states that the vocational expert's hypotheticals did not take into consideration all of her limitations especially that of her inability to interact appropriately with coworkers or the general public.

The court finds that the ALJ's interpretation of the examining psychologist's opinion was contradictory and ambiguous. In one paragraph, the ALJ gave great weight to the opinion of Dr. Foerster. (AR 23). The ALJ states that "due to symptoms of schizophrenia, including auditory hallucinations, paranoia, as well as depression, Dr. Foerster did not think that Price would successfully interact with coworkers or the general public on a regular basis." *Id.* Without explaining the inconsistency, the ALJ later states the records also indicate that the symptoms of mental impairments are not so severe as to prevent the claimant from performing unskilled work with minimal social demands and only occasional contact with coworkers, supervisors, and the general public. (AR 24).

The opinion of examining physicians must generally be given more weight than the opinions of reviewing physicians. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). The opinion of an examining physician generally is entitled to greater weight than a nonexamining physician because the

physician had the opportunity to observe the claimant and assess the patient's impairments. *Garrison v. Colvin*, 759 F.3d 998, 1012 (9th Cir. 2014). An ALJ may not reject the opinion of an examining physician that is uncontradicted without providing "clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ's interpretation of Dr. Foerster's findings is ambiguous. No legal basis for rejection Dr. Foerster's opinion appears in the record. The ALJ is responsible for resolving ambiguities in the record. *Andrews*, 53 F.3d at 1039.

### Remand

The District Court's judicial review of the Commissioner's decision to deny benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. Having reviewed the Administrative Record and Ninth Circuit law, the Court finds that this matter should be remanded for further administrative proceedings. The ALJ erred by providing an ambiguous interpretation of examining psychologist's opinion.

If the ALJ's error was harmless, remand is inappropriate. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if the error is "inconsequential to the ultimate no disability determination." *Stout v. Commissioner of Social Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.*

Ninth Circuit precedent does "not quantify the degree of certainty needed to conclude that an ALJ's error was harmless." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). "[W]here the magnitude of an ALJ error is more significant, then the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless." *Id.* "In other words, the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.*

In the instant matter, the ambiguous interpretation is not harmless because it impacted the ALJ's RFC assessment analysis which in turn impacts the ALJ's ultimate conclusion.

Because it cannot be said that the ALJ's errors were inconsequential to the ultimate nondisability determination, they may not be deemed harmless.  *See Molina*, 674 F.3d at 1115.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Virginia K Price's Motion to Remand (ECF No. 20) be GRANTED.

IT IS FURTHER RECOMMENDED that Berryhill's Cross Motion to Affirm (ECF No. 21) be DENIED.

IT IS SO RECOMMENDED.

DATED this 31st day of December, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE